UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. DIX                                                    CIVIL ACTION

VERSUS

TROY L. GRIMES, ET AL.                                    NO. 16-0808-JJB-EWD

## R U L I N G

*Pro se* Plaintiff, a prisoner previously confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed a pleading entitled "Notice of Intent to File 1983 Petition" (R. Doc. 1), wherein he signified his intention to commence a proceeding pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish officials, complaining that these officials knowingly placed his life "in potential grave danger."

Pursuant to correspondence dated January 25, 2017 (R. Doc. 3), the Court directed Plaintiff to resubmit his claim on the Court's approved complaint form within twenty-one (21) days and, within such time, to either pay the Court's filing fee or submit a properly completed Motion to Proceed *In Forma Pauperis* and Statement of Account, blank copies of which were attached to the referenced correspondence, certifying to the average six-month deposits and balances in his inmate accounts. The referenced correspondence specifically advised Plaintiff that "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

A review of the record by the Court reflects that Plaintiff has failed to comply with the Court's directives by resubmitting his claim in proper form and by either paying the Court's filing fee or submitting a properly completed Motion to Proceed *In Forma Pauperis* and Statement of Account. Instead, the referenced correspondence, which was forwarded to

1

Plaintiff at his record address, has been returned to the Court as undeliverable, marked "Return To Sender" and "No Longer At Parish Prison." *See* R. Docs. 4 and 5. It thus appears that Plaintiff may have lost interest in pursuing this matter since his release or transfer from the facility that he provided as his record address.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed without an address where Plaintiff may be reached and where he may receive pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of Plaintiff to comply with the Court's directives and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address. Therefore,

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED,** without prejudice, for failure of Plaintiff to comply with the Court's directives and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on April 24, 2017.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**